**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
**SIMMONS REDMAN,**

      **Plaintiff,**

      -against-

**UNITED COLLECTION BUREAU,**

      **Defendant.**
-------------------------------------------------------X

**CASE NO.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

SIMMONS REDMAN ("Plaintiff"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against UNITED COLLECTION BUREAU. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of New York therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Jamaica, New York 11432.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a professional corporation specializing in debt collection with its principal place of business located at 5620 Southwyck Boulevard, Suite 206, Toledo OH 43614.

9. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times herein, Defendant was attempting to collect a consumer debt and repeatedly contacted Plaintiff in its attempts to collect that debt

12. The debt at issue arose from consumer transactions in connection with a credit card, from Credit One Bank, purportedly later assigned to Defendant.

13. Beginning in or around early September 2015, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt.

14. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to, (954) 236-6083. The undersigned has confirmed that this number belongs to Defendant.

15. Defendant's collectors asked for third parties, who were neither the Plaintiff, nor anyone known to the Plaintiff.

16. Plaintiff instructed Defendant's collectors in September 2015 to cease calling his cellular telephone.

17. Defendant ignored Plaintiff's requests to stop calling and continued to call.

18. Once Defendant was aware it was calling the wrong party any further calls could only have been for the purpose of harassment.

19. These calls were particularly frustrating to Plaintiff as Defendant placed calls to Plaintiff in the morning hours, while Plaintiff was trying to sleep.

20. Defendant's calls also caused Plaintiff to experience fear and anxiety, as they continually disrupted his sleep.

21. By continuously calling over a debt he did not owe, and failing to update its records to avoid the further harassment of Plaintiff, Defendant engaged in conduct which had the natural consequences of harassing the recipient.

22. Ultimately, Plaintiff was required to download a call blocking application to stop Defendant's calls.

23. Defendant's actions as described herein were taken with the intent to harass, abuse, and coerce payment from Plaintiff.

## COUNT I
## **DEFENDANT VIOLATED § 1692d OF THE FDCPA**

24. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

25. Defendant violated § 1692d when it placed repeated and continuous harassing telephone calls to Plaintiff and when it continued calling Plaintiff's cellular phone being told it was the wrong number.

## COUNT II
## **DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

26. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

27. Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff and when it continued calling Plaintiff's cellular phone being told it was the wrong number.

.

WHEREFORE, Plaintiff, SIMMONS REDMAN respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff SIMMONS REDMAN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: September 9, 2016          KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel
Attorney ID #2790038
Attorney for Plaintiff
1001 Avenue of the Americas, 12th Floor
New York, New York 10018
Phone: (212) 719-7543
Facsimile: (877) 617-2515
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT